## MILES v. WIKEL.

1. **Verdict**: EVIDENCE TO SUPPORT. In this action (for money loaned) the evidence is considered (see opinion), and, while conflicting, *held* sufficient to support the verdict against defendant.

2. ———— : GENERAL AND SPECIAL : CONFLICT. A special verdict that defendant had borrowed a certain sum, and a general verdict for a larger sum, cannot be said to be in conflict, where the difference is the interest on the amount borrowed.

3. ———— : FAILURE TO ANSWER SPECIAL INTERROGATORY : NO PREJUDICE. A failure to answer a part of a special interrogatory is no ground for reversal where, from the verdict found, it is clear that the answer, if given, would have been immaterial.

4. **Instructions** : NO EVIDENCE TO WARRANT : ERROR WITHOUT PREJUDICE. Submitting to the jury an issue on which there is no sufficient evidence is no ground for reversal on defendant's appeal, where the jury finds in his favor on that issue.

5. ———— : STATUTE OF LIMITATIONS : NO ISSUE. In an action for money loaned, where it was clear that, if any loan was made, it was within five years of the beginning of the action, and there was no issue based on the statute of limitations, no instruction as to the limitation of actions of that kind would have been proper; and especially would it have been improper to instruct that plaintiff could recover only for a loan made " within the five years last past," since time in such cases is calculated from the beginning of the action.

*Appeal from Harrison District Court.*—HON. C. H.
LEWIS, Judge.

FILED, SEPTEMBER 5, 1888.

ACTION to recover the amount of a loan alleged to
have been made to defendant by plaintiff's intestate,
and the value of certain personal property alleged to
have belonged to decedent, and to have been converted
by defendant to his own use. The case was tried to a
jury, and a verdict and judgment rendered for plaintiff.
The defendant appeals.

*L. R. Bolter & Sons*, for appellant.

*McMillan & Kindall* and *S. H. Cochran*, for
appellee.

ROBINSON, J.—C. L. Lockwood, the plaintiff's
intestate, died in March, 1884. During the year pre-
ceding his death he sold a farm in Nebraska, and it is
claimed that he loaned seven hundred dollars of the
proceeds to defendant. It is further claimed that
defendant took possession of a cow, a hog and certain
household goods belonging to decedent, and converted
the same to his own use. Evidence was given tending
to support the claims of plaintiff. The jury found
specially that defendant had borrowed $444.29 of dece-
dent, and that he was owing him that amount at the
time of his death. The jury returned a general verdict
in favor of plaintiff for $537.59. Pending the decision
on defendant's motion for a new trial, the plaintiff
remitted all claim for judgment in excess of five hun-
dred dollars, and, upon the overruling of the motion,
judgment was entered for that amount and costs.

I. It is contended for appellant that the special
findings and general verdict are wholly unsupported by
the evidence. While the evidence was
conflicting, we think there was sufficient to
justify the jury in finding that defendant

1. VERDICT: evi-
dence to
support.

was indebted in at least the amount of the verdict.    It is shown that decedent sold a farm the year before his death, for which he received eight hundred dollars or more, besides the amount of an incumbrance.    There is some question as to the person to whom the farm was sold, the defendant claiming to have purchased it; but that is not material.    The defendant could have borrowed the amount alleged as readily if he had paid it originally as though it had been paid by another. He admitted to different witnesses that he had borrowed money of decedent; that he was owing him money, and paying interest on it.    The proceeds of the sale of the farm are not accounted for unless loaned to defendant as claimed.    It is true that the basis adopted by the jury in fixing the amount of the indebtedness is not fully disclosed, nor do we understand why a portion of the amount found due was remitted by the plaintiff. The amount which defendant admitted repeatedly that he had borrowed was about seven hundred dollars. There was some evidence as to claims held by defendant against decedent, and it may be that these were deducted by the jury.    But if there was an error in the amount of the verdict or of the judgment, the error was in favor of defendant, and cannot be corrected on this appeal.

II.    It is claimed that there is conflict between the special findings and general verdict.    It is alleged that

2. ——: general and special: conflict.

Lockwood died March 1, 1884, and shown that he died in that month.    The verdict was returned September 9, 1887, or three years and six months after the ninth day of March, 1884.    The amount of the special finding was $444.29, and of the general verdict $537.59.    The difference, $93.30, is just the interest on the amount of the special finding for the time last named, at six per cent.    It is therefore evident that the jury allowed nothing excepting for money loaned, and that the finding and verdict are in entire harmony.

III.    Complaint is made that the jury did not answer one part of a special interrogatory which asked

**8. ——: failure to answer special interrogatory: no prejudice.** the time of the making of the loan. One of the special findings had fixed the date of the indebtedness at the time of the sale of the Nebraska farm. But the answer in question was not material, for the reason that no interest on the loan was allowed for time prior to March 9, 1884, and defendant could not have been prejudiced by the failure of the jury to fix the date of the loan.

IV. It is claimed that there was not sufficient evidence as to the alleged conversion of property in controversy to justify the court in submitting the question of conversion to the jury. There was some evidence on that question, but whether it was sufficient or not is immaterial, for the reason that the record shows that nothing was allowed to plaintiff on account of it. Hence the defendant could not have been prejudiced by the action of which he complains.

**4. INSTRUCTIONS: no evidence to warrant: error without prejudice.**

V. Appellant complains of the failure of the court to instruct the jury that before they could find for the plaintiff they must find that the defendant had borrowed of decedent a sum of money "within the five years last past." Since the time was not limited to five years from the commencement of the action, the instruction should not have been given in any event. But the question of the statute of limitations was not made an issue by the pleadings, and there was no controversy as to the fact that, if defendant had borrowed money of decedent, the borrowing was done during the latter part of 1883. We discover nothing to the prejudice of appellant in any of the matters of which he complains.

**5. ——: statute of limitations: no issue.**

AFFIRMED.